UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEITH DIONTE MOON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-CV-0091 ACL |
|  | ) |  |
| JOHN JORDAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the motion of plaintiff Keith Dionte Moon, for leave to commence this action without payment of the required filing fee. After reviewing plaintiff's financial affidavit, the Court will grant plaintiff's motion to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, Keith Dionte Moon, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights when he was incarcerated in the Cape Girardeau County Jail in July of 2012. Named as defendants in this action are: the Cape Girardeau County Jail[1]; John Jordan (Sheriff, Cape Girardeau County); James Mulcahy (Captain, Cape Girardeau County Jail); Ruth Ann Dickerson (Captain); Tina Henderson (Lieutenant); T.C. Stevens (Lieutenant); Securus Technologies; and Unknown Third Party Food Services Vendor. Plaintiff sues defendants in their individual capacities.

Plaintiff states that he was incarcerated at the Cape Girardeau County Jail from July 2012 through early September 2012. He claims that he was subjected to unhygienic conditions of confinement during his incarceration. Specifically, plaintiff asserts that the holding cell where he was first strip-searched was "covered with dirt," it was "freezing," and clothing from inmates were "piled in heaps everywhere." Plaintiff asserts that he was made to stand in a "lye shower"

---

[1]This defendant is named in the body of the complaint.

and given a "dirty towel" to dry off with. He was given a "gray blanket" to use and a "thin sheet," and he complains that he was not given any hygiene materials at his intake. He claims that the mattress he was given had holes in it and was deflated. He states that the toilet in his cell was dirty and did not seem to be working, and he claims that the cell walls were "covered with dirt." He admits that there was a second toilet nearby that was also used by inmates, but he complains that there was no shower curtain in the shower for privacy. Plaintiff also complains that the food "was inedible."

Plaintiff complains that his letters to his brother, Darnell Wesley Moon, who was incarcerated at the Cape Girardeau County Jail in May of 2015, were returned to him due to a "post-card only" policy instituted at the jail. Plaintiff states that he was told that this policy was instituted as a result of inmates smuggling drugs in from the postage stamps on envelopes and using staples as weapons.

Plaintiff states that he asked to visit his brother in the Jail but he was told by Lieutenant Stevens that the Jail had abolished non-contact visits and was in the process of establishing video visits via a company called Securus. Plaintiff asserts that Securus and defendants acted together to violate his First Amendment rights to free association by instituting the post-card only policy and video visits policy. Plaintiff further asserts that he would like to bring a "Monell" claim against the Cape Girardeau County Jail for instituting the post-card only policy.

Plaintiff seeks compensatory and punitive damages.

**Discussion**

Plaintiff's claim against the Cape Girardeau County Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Additionally, plaintiff's claims against the remaining defendants fail to state a claim upon which relief may be granted because he has not connected his claims against any of the named defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Moreover, general responsibility as a supervisory of a Jail or prison cannot support the personal involvement required to support liability under § 1983. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, the conditions of confinement plaintiff has complained of do not rise to the level of an Eighth Amendment violation. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that the defendants were deliberately indifferent to excessive risk to his health or safety. *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). The conditions of confinement claims plaintiff has alleged do not show an excessive risk to plaintiff's health or safety. Thus, he has failed to allege an Eighth Amendment claim.

Last, plaintiff has failed to allege a First Amendment claim against Securus, as this private company is not a state actor. "Private actors may incur § 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate his constitutional rights.

In light of the aforementioned, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of August, 2017.

                                                            Ronnie L. White
                                                         RONNIE L. WHITE.
                                                         UNITED STATES DISTRICT JUDGE