UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KEITH DIONTE MOON,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    No. 1:17-CV-0091 ACL
                                  )
JOHN JORDAN, et al.,              )
                                  )
        Defendants.               )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to "amend/alter the judgment[1] of August 29, 2017 pursuant to Fed.R.Civ.P.60(b)(1)."

Plaintiff, Keith Dionte Moon, a former inmate at the Cape Girardeau County Jail, filed the instant action on May 26, 2017, pursuant to 42 U.S.C. § 1983. He alleged that when he was incarcerated in 2012, the Sheriff, several correctional officers, Securus Technologies and an Unknown Food Service Vendor, violated his civil rights.

Because plaintiff sought leave to proceed in this action as a pauper, the Court reviewed plaintiff's case pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. On August 29, 2017, plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff seeks an order from the Court altering the judgment over three months and twelve days later (104 days). He asserts, pursuant to Rule 60(b)(1), that he is entitled to relief from the judgment based on "mistake, inadvertence, surprise, or excusable neglect."

---

[1] The Court believes plaintiff is referring to a Motion for Relief from Judgment under Fed.R.Civ.P.60. To the extent he is referring to a Motion to Alter/Amend the Judgment under Fed.R.Civ.P.59, his motion would be untimely as such a motion must be brought within twenty-eight days of the Order of Dismissal.

Unfortunately, plaintiff has not alleged **facts** indicating that there was a "mistake, inadvertence, surprise or excusable neglect" in the **case**, such that the Court should alter or amend its judgment in this matter.

Rather, plaintiff is merely asserting that the Court was incorrect in its **legal reasoning** in its dismissal of the present action. This sort of argument could have been made in a timely manner (within twenty-eight days of the judgment) pursuant to Fed.R.Civ.P.59. Moreover, plaintiff could have a timely motion for leave to file an amended complaint after the dismissal of his action by submitting a proposed complaint in this matter, attached to his motion for leave.[2]

Instead, plaintiff has sought to boost his original complaint with the instant motion, while intimating that a "legal mistake" occurred on behalf of the Court. Plaintiff is incorrect, and the Court will deny his motion to amend the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to "amend/alter the judgment" of August 29, 2017 pursuant to Fed.R.Civ.P.60(b)(1)" [Doc. #8] is **DENIED**.

Dated this 18th day of January, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] His time for doing so has now passed. Plaintiff's time for filing an appeal of the judgment has also passed.

2